UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANCOIS A. FARAH and
FRANCOIS A. FARAH REVOCABLE
LIVING TRUST,

    Plaintiffs,

v.                                                                    Case No. 13-CV-11787

FEDERAL NATIONAL MORTGAGE
ASSOCIATION and SETERUS, INC.,            HON. MARIANNE O. BATTANI

    Defendants.

_____/

OPINION AND ORDER GRANTING DEFENDANTS'
MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(6)

Before the Court is Defendants Federal National Mortgage Association ("Fannie Mae") and Seterus, Inc.'s Motion to Dismiss under Fed R. Civ. P. 12(b)(6). (Doc. No. 5). The Court has reviewed all the relevant filings and finds that oral argument will not aid in resolving this dispute. See E.D. Mich. LR 7.1(f)(2). For the reasons discussed below, the Court **GRANTS** Defendants' motion and dismisses all of Plaintiffs' claims.

I.    STATEMENT OF FACTS

On March 1, 2002, Plaintiffs Francois A. Farah ("Farah") and the Francois A. Farah Revocable Living Trust purchased Farah's home at 1909 Ramsay Blvd., Flint, Michigan. (Doc. No. 1-1, ex. A, at 29). Plaintiffs obtained a $180,800 loan, secured by a mortgage on the property granted to Citizens Bank. (Doc. No. 1-1, Ex. A, at 29). Citizens Bank assigned the mortgage to Chase Mortgage Company on March 1, 2002,

an action that was not recorded until September 2002. (Doc. No. 1-1 at 5). The mortgage was assigned to Mortgage Electronic Registration Systems, Inc. ("MERS") in September 2010 (Doc. No. 1-1 at Ex. C). MERS then assigned the mortgage to Federal National Mortgage Association ("Fannie Mae") in April 2012. (Doc. No. 1-1 at Ex. D). Defendant Seterus, Inc. ("Seterus") is the loan servicer.

All of Farah's claims stem from the same allegations of improper conduct on the part of Seterus. Farah alleges that he made several requests to Seterus for foreclosure alternatives in early 2012, including a request for a deed in lieu of foreclosure in March 2012, a request for mediation prior to foreclosure in May 2012, a Home Affordable Modification Program loan modification in July 2012, and a deed in lease program in August 2012. (Doc. No. 1-1 at 7-9). Farah alleges that Seterus made a number of misrepresentations to him about his eligibility for foreclosure alternatives. (Doc. No. 1-1 at 12-13). Farah also alleges that Seterus purposely delayed consideration of foreclosure alternatives by repeatedly requesting documents that it had already received as a stall tactic so that it could foreclose and keep him from redeeming the property. (Doc. No. 1-1 at 14).

Plaintiffs defaulted on the mortgage in 2012, but the record is not clear precisely when this happened. After sending Plaintiffs a housing counselor and foreclosure notice as required by Michigan law, Fannie Mae began foreclosure by advertisement proceedings in August 2012. Fannie Mae purchased the property at the foreclosure sale, which took place on September 26, 2012. (Doc. No. 1-1, Ex. I, at 62). On March 22, 2013, Plaintiffs filed a lawsuit in Genesee County Circuit Court, alleging nine counts against Defendants. Plaintiffs did not redeem the property before the redemption

period's expiration on March 26, 2013.  Defendants removed this case to federal court on April 22, 2013.

## II.     STANDARD OF REVIEW

In reviewing a motion to dismiss, the court "must construe the complaint in the light most favorable to the plaintiff [and] accept all factual allegations as true." In re DeLorean Motor Co., 991 F.2d 1236, 1240 (6th Cir. 1993).  This standard does not require the court to accept as true legal conclusions, conclusory statements, or "threadbare recitals of the elements of a cause of action."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

To survive a motion to dismiss, the plaintiff must "state a claim for relief that is plausible on its face."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).  Plausibility "requires showing more than the sheer possibility of relief but less than a probable entitlement to relief."  Fabian v. Fuller Helmets, Inc., 628 F.3d 278, 280 (6th Cir. 2010) (citations and internal quotation marks omitted).

Rule 12(d) provides that "[i]f, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).  A court may consider "documents incorporated into a complaint by reference and matters of which a court may take judicial notice" without converting the motion into one for summary judgment.  Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308 (2007). Moreover, when documents are referenced in a complaint and are central to the claims, the court may consider them in resolving a motion to dismiss.  Weiner v. Klais and Co., 108 F.3d 86, 88 (6th Cir. 1997) (quoting Venture Assocs. Corp. v. Zenith Data Sys.

Corp., 987 F.2d 429, 431 (7th Cir. 1993)).

## III. ANALYSIS

Plaintiffs' nine-count complaint has federal and state claims of both a legal and equitable nature: (1) violation of the federal Truth in Lending Act; (2) civil conspiracy; (3) foreclosure is barred by unclean hands; (4) breach of contract; (5) intentional fraud; (6) constructive fraud; (7) violation of the Federal Fair Debt Collection Practices Act; (8) violation of Michigan's Regulation of Collection Practices Act; and (9) violation of Michigan's Occupational Code. Each count is addressed below.

### A. Truth in Lending Act Claim

Farah claims that Defendants violated the Truth in Lending Act, 15 U.S.C. § 1641(g)(1) ("TILA"). Specifically, Plaintiffs claim that they were not notified of the mortgage assignment and change in creditor within 30 days, as the statute requires. Farah seeks the maximum statutory damages permitted under the statute. Under the statute of limitations for TILA violations, a lawsuit must be brought "within one year from the date of the occurrence of the violation." 15 U.S.C. § 1640(e). This means that the statute of limitations begins when there is a cause of action and the plaintiff "can file suit and obtain relief." Wike v. Vertrue, Inc., 566 F.3d 590, 593 (6th Cir. 2009) (internal quotations omitted); see also Thielen v. GMAC Mortgage Corp., 671 F. Supp. 2d 947, 953 (E.D. Mich. 2009) (quoting Wike).

According to Farah's complaint, the Mortgage was assigned from Citizens Bank to Chase Mortgage Company on March 1, 2002, the same day Farah obtained the mortgage. Chase Mortgage Company then assigned the mortgage to Federal National

4

Mortgage Association ("Fannie Mae"), with Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee in September 2010. (Doc. No. 1-1 at Ex. C). Plaintiffs allege that Fannie Mae has owned the indebtedness since July 2010. (Doc. No. 1-1 at 6). Plaintiffs filed their lawsuit on March 22, 2013.

Plaintiffs did not bring this claim within the one-year statute of limitations, so this claim is barred. Moreover, Plaintiffs are also not entitled to equitable tolling of the statute of limitations because they fail to show that there was fraudulent concealment of the mortgage note, the transfer, or any of its terms. See Jones v. TransOhio Sav. Ass'n, 747 F.2d 1037, 1041-43 (6th Cir.1984) (holding equitable tolling proper in a TILA case that alleged fraudulent concealment of a variable interest rate provision and of the mortgage note itself). see Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake") and Frank v. Dana Corp., 547 F.3d 564, 569-70 (6th Cir. 2008) (holding that under Rule 9(b), "[a]t a minimum, Plaintiffs must allege the time, place and contents of the misrepresentations upon which they relied").

Plaintiffs allege that Defendants "hid the true creditor" from them and that Plaintiffs were not informed of the mortgage note transfer. These allegations do not rise to the level of specificity required of fraud allegations in order to survive a motion to dismiss. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). In addition, this allegation cannot be reconciled with Farah's allegation that he attempted to negotiate foreclosure alternatives in 2012, because if he did not know who the creditor was he would not have been able to engage in these negotiations. (See Doc. No. 1-1 at 6-7).

5

### B.  Breach of Contract and Unclean Hands

Farah brings a breach of contract claim based on Defendants' violation of the duty of good faith and fair dealing.  In Michigan, breach of the implied duty of good faith and fair dealing is a basis for a breach of contract action in Michigan, not an independent tort action.  McLiechey v. Bristol W. Ins. Co., 408 F. Supp. 2d 516, 522-23 (W.D. Mich. 2006) aff'd sub nom McLiechy v. Bristol W. Ins. Co., 474 F.3d 897 (6th Cir. 2007).  The implied covenant only applies where one party to the contract has discretion in its performance under the contract.  Id., see also Ferrell v. Vic Tanny Intern., Inc., 357 N.W.2d 669, 672 (Mich. Ct. App. 1984).  For any breach of contract claim, a plaintiff must establish three elements by a preponderance of the evidence: (1) the existence of a contract between the parties; (2) the other party breached the contract; and (3) the plaintiff suffered damages.  Miller-Davis Co. v. Ahrens Const., Inc. (On Remand), 817 N.W.2d 609, 619 (Mich. Ct. App. 2012) appeal granted in part, 831 N.W.2d 234 (Mich. 2013) and appeal granted, 838 N.W.2d 706 (Mich. 2013) (citations omitted).

Farah alleges that the mortgage includes language that gives Defendants discretion to modify Farah's loan, and that their failure to do so was a result of bad faith negotiations during the pre-foreclosure mitigation period and the redemption period.  Farah also seeks relief based on the doctrine of unclean hands, alleging that defendants negotiated in bad faith as to processing Farah's mortgage loan, request for modification, short sale, deed in lieu of foreclosure, and deed for lease.  Because both claims rely on Defendants' alleged bad faith in the loan modification process, they will be analyzed together.  Plaintiffs seek to have the foreclosure sale enjoined.

Plaintiffs base their claim on a breach of the implied duty of good faith and fair dealing as it relates to Defendants' discretion to modify their mortgage. But according to the pleadings, the underlying contract giving rise to the breach of contract claim is the mortgage itself. It does not follow that a breach of contract claim can happen based on the implied duty of good faith and fair dealing when the discretion involved was the discretion to modify the contract, rather than discretion as to the manner of performance under the contract itself. See Ferrell v. Vic Tanny Int'l, Inc., 357 N.W.2d 669, 672 (Mich. Ct. App. 1984) ("Where a party to a contract makes the manner of its performance a matter of its own discretion, the law does not hesitate to imply the proviso that such discretion be exercised honestly and in good faith.") (citation omitted). The parties did not have a contract agreeing to modify the mortgage, so there can be no breach of contract action based on an implied duty of good faith. Plaintiffs do not allege that there was a contract independent of the mortgage. Because the implied duty of good faith and fair dealing must relate to an actual underlying contract, rather than negotiations to modify a contract, Plaintiffs have failed to state a breach of contract claim based on the implied duty of good faith and fair dealing.

    C.    **Fraud Claims**

Farah also claims that Defendants committed intentional fraud or, alternatively, constructive fraud by means of false representations during the loan modification process. Specifically, Farah claims that Defendants falsely represented that he was missing documents or that they never received his applications for foreclosure alternatives. Farah claims that this was purposeful conduct as part of a delay tactic to essentially stall Farah into foreclosure with endless paperwork. (Doc. No. 1-1 at 16-19).

Under Fed. R. Civ. P. 9(b), plaintiffs are required to state with particularity the circumstances constituting fraud.  Therefore, a complaint must "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Frank v. Dana Corp., 574 F.3d 564, 569-70 (6th Cir. 2008) (quoting Gupta v. Terra Nitrogen Corp., 10 F. Supp. 2d 879, 883 (N.D. Ohio 1998).  This means that a plaintiff must at minimum state where and when the misrepresentation took place and what was said.  Id. (citing Bender v. Southland Corp., 749 F.2d 1205, 1216 (6th Cir. 1984).  Farah's complaint falls short of these requirements.  At no point does Farah state when the misrepresentations took place, or who gave the misrepresentations.  Farah also does not explain in much detail what was said.  Because Farah's fraud allegations require the Court to fill in too many blanks, the fraud claims cannot stand.

Even if Farah were able to meet the Rule 9(b) fraud pleading requirements, he failed to redeem the property during the six-month statutory redemption period following the sheriff's sale.  Filing a lawsuit does not toll the redemption period. Conlin v. Mortg. Elec. Registration Sys., Inc., 714 F.3d 355, 360 (6th Cir. 2013).  Under Michigan law, legal title to a foreclosed property vests in the holder of the sheriff's deed unless the property is redeemed within the six-month statutory redemption period. See Mich. Comp. Laws § 300.3236-3240.  Consequently, a plaintiff must allege a clear showing of fraud or irregularity to maintain an action for an equitable extension of the redemption period. Conlin, 714 F.3d at 360 (citing Overton v. Mortgage Electronic Registration Sys., Inc., No. 284950, 2009 WL 1507342, at *1 (Mich. Ct. App. May 28, 2009).  It is a "high standard" and the fraud "must relate to the foreclosure procedure itself." Id.

(quoting El-Seblani v. IndyMac Mortg. Servs., 510 F. App'x 425, 429-30, No. 12-1046, 2013 WL 69226, at *4 (6th Cir. Jan. 7, 2013). Further, defects in the foreclosure proceeding merely render the foreclosure voidable, rather than void ab initio. Kim v. JPMorgan Chase Bank, N.A., 825 N.W.2d 329 (Mich. 2012). In addition to a clear showing of fraud or irregularity in the foreclosure process, a plaintiff must demonstrate prejudice resulting from the defect. Id. at 337. To do this, a plaintiff must show their position would have been better "to preserve their interest in the property." Id.

Farah alleges fraud during the loan modification process, rather than the actual foreclosure process. Even if his allegations were generously construed to allege fraud in the foreclosure process, these allegations still fall short of Rule 9(b) pleading requirements for fraud. Because his allegations fall far short of both the "clear showing" standard to warrant equitable extension of the redemption period, and the Rule 9(b) pleading requirements for fraud, this claim must be dismissed.

### D. Federal and State Statutory Violations

In Counts 7, 8, and 9, Farah claims that Seterus violated the Federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, Michigan's Regulation of Collection Practices Act ("RCPA"), Mich. Comp. Laws § 445.251 *et seq.*, and alternatively, the Michigan Occupational Code, Mich. Comp. Laws § 339.901 *et seq.* In each of these claims, Plaintiffs' allegations are limited to a recital of provisions of each of these laws that Defendants allegedly violated, without a factual basis to support these claims. Plaintiffs do not state any facts in either the common allegations or the allegations under each of these counts that could even generously be construed as violations of any of the above statutes. Plaintiffs do not state that they were subjected

to harassment in an attempt to collect a debt, or that they were injured in any way by a violation of these laws.  Because Plaintiffs' allegations are limited to "threadbare recitals" of the statutory provisions, Plaintiffs have not stated a claim for relief.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

### E. Civil Conspiracy

Farah claims that Defendants conspired with one another to commit fraud and to violate federal and state debt collection laws, in order to force Farah to foreclose. The foreclosure would allow Fannie Mae and Seterus to reap some benefits, such as private mortgage insurance money and federal bailout funds.  (Doc. No. 1-1 at 13). Specifically, Farah claims that Seterus employed a stall tactic of conflicting communications and asking him to submit the same documents over and over so that foreclosure would take place sooner. (Doc. No. 1-1 at 14).

In Michigan, civil conspiracy is defined as "a combination of two or more persons, by some concerted action, to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by criminal or unlawful means." Urbain v. Beierling, 835 N.W.2d 455, 463 (Mich. Ct. App. 2013) (quoting Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n, 670 N.W.2d 569, 580 (Mich. Ct. App. 2003), aff'd, 693 N.W.2d 358 (Mich. 2005)). Establishing concerted action requires a plaintiff to prove "'that all defendants acted tortiously pursuant to a common design' that caused harm to the plaintiff." Id. (quoting Abel v. Eli Lilly & Co., 343 N.W.2d 164 (Mich. 1984)).  Civil conspiracy is not actionable as a standalone claim; it requires an underlying tort.  See, e.g., Cousineau v. Ford Motor Co., 363 N.W.2d 721, 730 (Mich. App. 1985) (citations omitted).

In this case, Farah has alleged a variety of underlying torts that were already discussed; fraud, constructive fraud, violation of the Federal Fair Debt Collection Practices Act, and violation of Michigan's Regulation of Collection Practices Act. (Doc. No. 1-1 at 13).  Farah alleges that Defendants "conspired with one another," intending to commit these torts. (Doc. No. 1-1 at 13).  Defendant argues that Farah's allegations are not sufficient to infer an agreement between Fannie Mae and Seterus to do anything wrongful.  Farah's allegations are sufficient to at least state a civil conspiracy claim, because Farah alleges that Seterus stalled Farah's paperwork for his foreclosure alternative applications so that Fannie Mae could foreclose and gain a profit from his property.  (Doc. No. 1-1 at 13-14).  But Farah's civil conspiracy claim must fail, because all of the claimed underlying torts are dismissed, thus removing the support required for this claim to stand.

## IV.    CONCLUSION

For the reasons stated, the Court **GRANTS** Defendant's Motion to Dismiss on all counts.

**IT IS SO ORDERED.**

                                               s/Marianne O. Battani
                                               MARIANNE O. BATTANI
                                               UNITED STATES DISTRICT JUDGE

DATE: March 31, 2014

CERTIFICATE OF SERVICE

Copies of this Order were mailed and/or e-filed to Plaintiff and counsel of record on this date.

s/Bernadette M. Thebolt<br>
Case Manager